MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2013 ME 91
Docket:        Yor-13-75
Argued:        September 12, 2013
Decided:       October 31, 2013

Panel:         SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and
               JABAR, JJ.

STATE OF MAINE

v.

SHANNON BEAN

MEAD, J.

[¶1]   Shannon Bean appeals from a judgment entered by the trial court (*O'Neil, J.*) following a jury verdict convicting her of domestic violence assault (Class D), 17-A M.R.S. § 207-A(1)(A) (2012).   Bean contends that the State's closing argument contained statements that impermissibly referred to her decision not to testify in her own defense, requiring her conviction to be vacated.   Because we conclude that the prosecutor's statements during closing argument do not constitute misconduct, we affirm the judgment.

## I.  BACKGROUND

[¶2]   The following facts are established in the record.   Bean lives in an apartment with her two children and her mother, Linda McCafferty, in Old Orchard Beach.   On September 2, 2012, Bean and McCafferty became

embroiled in an argument that escalated to the point where Bean started pushing McCafferty. After being pushed against a railing and scraping her leg in the process, McCafferty went inside the apartment and locked the door. Bean unlocked the door using her own key, entered the apartment, and engaged in a physical altercation with McCafferty.

[¶3] Bean did not testify at her trial. However, her attorney clearly placed the issues of self-defense and witness credibility before the jury during opening statements. In his closing argument, the prosecutor said, "[Y]ou didn't hear any evidence until [Bean's friend] took the stand that [Bean] had been injured." Bean objected and moved for a mistrial on grounds that the prosecutor's statement drew impermissible attention to the fact that she did not testify. The trial court denied her motion, but acceded to Bean's request for a curative instruction. The court instructed the jurors that (1) they were the ultimate deciders of the evidence and counsels' arguments did not constitute evidence; (2) a defendant is protected by the presumption of innocence; and (3) a defendant has no duty to produce evidence to negate guilt.

[¶4] The prosecutor continued his closing argument and Bean objected to the following statements on the ground that they drew attention to her decision not to testify:

[T]he only evidence you have received through one witness is [Bean's friend] who testified that . . . one or two days later, she saw [Bean] and had observed injury to her[;]

[N]o one testified at all that [McCafferty] had anything to drink or was any sort of intoxicated that night at all[;]

[I]n this case the only evidence that you've heard at all which would give any rise to deciding that [Bean] was using self-defense to defend herself when she attacked her mom was [McCafferty]'s statement that [Bean] said at one point, Leon, come help me, she is beating me or words to that [e]ffect. That's the only evidence you have got that anyone besides [Bean] was the primary aggressor, the initial aggressor.

The court overruled each objection.

## II. DISCUSSION

[¶5] Bean contends that the prosecutor's comments at closing impermissibly directed the jury's attention to her decision not to testify. The privilege not to testify is "guaranteed . . . by the Fifth Amendment of the United States Constitution and secured to a defendant in Maine by Article 1 § 6 of the Maine Constitution, as implemented in 15 M.R.S.A. § 1315." *State v. Tibbetts*, 299 A.2d 883, 887 (Me. 1973).

[¶6] In *State v. Dolloff*, we outlined the analysis for reviewing claims of error resulting from alleged prosecutorial misconduct in the form of statements to the jury when, as here, the defendant objected to the statements. 2012 ME 130, ¶¶ 31-34, 40 & n.12, 58 A.3d 1032. *Dolloff* requires that we first review the record

4

to determine whether there was actual misconduct. *Id.* ¶ 32. Only after this initial determination do we reach the question of whether the court's response to the alleged misconduct is harmless error or, as Bean urges, error that affects the defendant's substantial rights and requires a new trial. *See id.* ¶ 33.

[¶7] A prosecutor's statement is impermissible when it is a direct, unambiguous comment on a defendant's failure to testify, or when it indirectly or ambiguously calls attention to a defendant's failure to testify. *Tibbetts*, 299 A.2d at 887-88. Statements "that single[] out the defendant as the absent witness who might rebut the prosecution's evidence" are equally impermissible. *Id.* at 888 (quotation marks omitted).

[¶8] In contrast, statements that point to inconsistent defense theories, *see State v. Roberts*, 2008 ME 112, ¶¶ 44, 47, 951 A.2d 803, and statements concerning the sources of the defendant's version of events when the defendant did not testify, *State v. Berkley*, 567 A.2d 915, 919-20 (Me. 1989), do not constitute misconduct.

[¶9] Here, the prosecutor's closing argument drew the jury's attention to (1) the scant evidence of injury to Bean, (2) the complete lack of evidence showing McCafferty was intoxicated, and (3) the absence of evidence suggesting that McCafferty had been the aggressor other than McCafferty's testimony about Bean's statement. The prosecutor's statements were accurate recitations of the

state of the evidence and did not expressly or implicitly comment on Bean's failure to testify or suggest that the evidence must be accepted because it was unrebutted. As such, these statements do not constitute misconduct, and we affirm the judgment of the trial court.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Lauren Wille, Esq., DeGrinney Law Offices, Portland, for appellant Shannon Bean

Kathryn Slattery, District Attorney, and Anne Marie Pazar, Esq., Prosecutorial District #1, Alfred, for appellee State of Maine

**At oral argument:**

Lauren Wille, Esq., for appellant Shannon Bean

Anne Marie Pazar, Esq., for appellee State of Maine

York County Superior Court docket number CR-2012-2095
FOR CLERK REFERENCE ONLY